each pack, that is to say, the total selling price of the 2,468 cases should be divided by 2,468 to determine the actual profit made per case, which profit should be the figure used in the calculation of statutory cost of production.

The total selling price of the 2,468 cases shown in the customs agent's report, exhibit B, was 64,281 Mexican pesos, which, when divided by 2,468 equals a selling price per case of 26.0457 Mexican pesos. Taking the *actual cost of production* as shown in exhibit B, 23.2079 Mexican pesos per case, from the *actual selling price* as shown above, 26.0457 Mexican pesos per case, leaves a profit of 2.8378 Mexican pesos per case.

The court below found, and all agree, that the sum of the amounts involved in the items covered by paragraphs (1) and (2) of the cost-of-production statute is 19.5959 Mexican pesos per case, and as 2.8378 Mexican pesos is an amount in excess of 8 per centum of this sum, it is the addition which is to be adopted as the profit ordinarily added under paragraph (4) of section 402 (f).

The calculation of cost of production under section 402 (f), *supra*, would therefore be as follows:

| Sec. 402 (f), Par. | Item | Amount | |
|---|---|---|---|
| (1) | Cost of fish | 10.7685 | Mexican pesos |
| | "  " other materials | 2.3302 | "      " |
| | "  " labor | 1.7972 | "      " |
| (2) | General expenses | 4.7000 | "      " |
| (3) | Cost of containers | 5.1125 | "      " |
| (4) | Profit | 2.8378 | "      " |
| | Statutory cost of production | 27.5462 | "      " |

I would therefore support a judgment in the foregoing amount modifying the judgment below accordingly.

---

S. H. POMERANCE CO., INC., ET AL. *v.* UNITED STATES

No. 7831.—Entry No. 724870, etc.

(Decided May 17, 1950)

*Bacal & Koenig* and *Jacques Bacal* (*Ira Koenig* of counsel) for the plaintiffs.
*David N. Edelstein*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in

*United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

S. H. POMERANCE CO., INC., ET AL. *v.* UNITED STATES

No. 7832.—

Entry No. 718743, etc.

(Decided May 22, 1950)

*Lane, Young & Fox (William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.